J-S35037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERBERT DALE CONAWAY | : | |
| | : | |
| Appellant | : | No. 1877 WDA 2016 |

Appeal from the PCRA Order November 29, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001863-2011

BEFORE:   LAZARUS, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 02, 2017**

Appellant, Herbert Dale Conaway, appeals *pro se* from the November 29, 2016, order entered in the Court of Common Pleas of Fayette County dismissing as untimely his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was arrested for the rape of a young woman who was volunteering with Habitat for Humanity.   Represented by counsel, Appellant proceeded to a jury trial, following which the jury convicted him of rape by forcible compulsion, 18 Pa.C.S.A. § 3121(a)(1), and related offenses.   The trial court sentenced

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant to an aggregate of 96 months to 200 months in prison, and Appellant filed a timely post-sentence motion, which the trial court denied on August 16, 2012. Thereafter, on August 27, 2012, Appellant filed a timely, counseled direct appeal to this Court.[1]

On appeal, Appellant contended (1) he should be granted a new trial due to the prosecutor's **Brady**[2] violation, *i.e.*, its failure to produce the victim's emergency room examination records until after the start of trial; (2) the evidence was insufficient to support his conviction under Section 3121(a)(1); (3) the jury's verdict was against the weight of the evidence; and (4) he should be granted a new trial due to the Commonwealth's failure to present a *prima facie* case of guilt at the preliminary hearing. This Court found Appellant was not entitled to relief, and consequently, on February 5, 2013, we affirmed his judgment of sentence. **See Commonwealth v. Conaway**, No. 1320 WDA 2012 (Pa.Super. filed 2/5/13) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On or about February 21, 2013, Appellant filed a timely *pro se* PCRA petition, counsel was appointed to assist Appellant, and thereafter, counsel

---

[1] On August 27, 2012, Appellant also filed a *pro se* PCRA petition; however, on September 7, 2012, Appellant's counsel filed a petition discontinuing the PCRA petition on the basis it had been prematurely filed.

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

filed a petition to withdraw and a **Turner/Finley**[3] brief. The PCRA court granted counsel's petition to withdraw and, ultimately, dismissed Appellant's first PCRA petition on March 30, 2015. Appellant did not file an appeal to this Court.

On or about October 6, 2016, Appellant filed a *pro se* PCRA petition, and the PCRA court provided Appellant with notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response in opposition to the PCRA court's notice, and by opinion and order entered on November 29, 2016, the PCRA court dismissed Appellant's second petition on the basis it was untimely filed. This timely *pro se* appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

Appellant presents the following claims for our review:

1. The Appellant should be granted collateral relief since the Commonwealth failed to disclose material, exculpatory evidence and there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the trial would have been different.

2. The Appellant should be granted collateral relief since the Commonwealth failed to present sufficient evidence that the Appellant committed the crime charged, since there was no physical evidence of an assault kind [*sic*] and no threat of force presented.

3. The Appellant should be granted collateral relief because the verdict in this case was against the weight of the evidence.

_____

[3] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

4. The Appellant should be granted collateral relief since the Commonwealth failed to establish prima facie evidence of Appellant's guilt at the Omnibus pretrial hearing.

5. The Appellant should be granted collateral relief due to the ineffectiveness of trial counsel failing to properly investigate Appellant's actual claim of innocence.

6. The Appellant should be granted collateral relief due to the ineffectiveness of trial counsel failing to call material medical witnesses to confirm Appellant's medical impossibility to commit these crimes.

7. The Appellant should be granted collateral relief due to the ineffectiveness of trial counsel [in] failing to properly locate and interview witnesses.

8. Did the court err by allowing counsel to withdraw and forcing Appellant to proceed pro se in spite of the fact that there are isues [*sic*] of arguable merit in this case and that the court's decision to allow counsel to withdraw constructively denied Appellant[ ] counsel during his PCRA litigation[.]

9. The Appellant should be granted collateral relief due to the judicial misconduct of the trial judge when he sentenced Appellant to a presentence investigation report nor an evaluation of the State's Sexual Offender's Assessment Board in violation of Rule 32(b) of the Federal Rules of Criminal Procedure and 42 Pa.C.S.A. § 9794(3).

Appellant's Brief, Statement of the Questions Presented.

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). ***See*** 42 Pa.C.S.A. § 9545(b)(2).

In the case before us, this Court affirmed Appellant's judgment of sentence on February 5, 2013, and Appellant did not file a petition for allowance of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on March 7, 2013, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Appellant had one year from that date, or until March 7, 2014, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b). However, Appellant did not file his instant PCRA petition until October 6, 2016, and thus, it is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Moreover, Appellant has neither recognized that his second PCRA petition was untimely filed nor set forth any argument concerning the

Section 9545(b)(1)(i)-(iii) exceptions.[4]   Consequently, we conclude the PCRA court properly denied Appellant relief on the basis his second PCRA petition was untimely filed.

Affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2017

---

[4] We note that, in his first claim, Appellant presents the same alleged **Brady** violation, which this Court rejected on direct appeal.   Moreover, to the extent Appellant presents ineffective assistance of counsel claims, such claims do not save an otherwise untimely petition for review on the merits. **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780 (2000). Also, to the extent Appellant avers his sentence is illegal, we note that the Supreme Court has specifically held that "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 223 (1999).   Finally, we note that Appellant was not entitled to the assistance of counsel with regard to his second PCRA petition. **Commonwealth v. Haag**, 570 Pa. 289, 809 A.2d 271 (2002).